UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD CHRISTOPHER GALKA,

    Plaintiff,

v.

    Civil Action No. 08-13321

    HONORABLE DENISE PAGE HOOD

CHRISTOPHER COLE, et al.,

    Defendants.
_____/

## ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS*
### and
## ORDER OF SUMMARY DISMISSAL

    Before the Court is Plaintiff Edward Christopher Galka's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 and application to proceed *in forma pauperis* without prepayment of the filing fee under 28 U.S.C. § 1915. Based upon Plaintiff's application and the documents submitted in support of the application, the Court grants Plaintiff's application to proceed *in forma pauperis*.

    Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), a district court may dismiss a complaint before service on a defendant if it is satisfied that the action is frivolous, malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant or defendants who is/are immune from such relief. A complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In *McGore v. Wrigglesworth,* the Sixth Circuit clarified the procedures a district court must follow when faced with a civil action filed by a non-prisoner proceeding *in forma*

1

*pauperis*:

> Unlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2) ... Section 1915(e)(2) provides us with the ability to screen these, as well as prisoner cases that satisfy the requirements of this section. The screening must occur even before process is served or the individual has had an opportunity to amend the complaint. The complaint must be dismissed if it falls within the requirements of § 1915(e)(2) when filed.

*McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997).

Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972). Liberally construing Plaintiff's Complaint, along with the documents attached, Plaintiff is alleging several claims in Count I. The Complaint alleges that Plaintiff's arrest, prosecution and subsequent incarceration for charges under M.C.L. § 257.254 violated the Fourth and Fourteenth Amendments. Plaintiff claims the state court had no jurisdiction over his case. Plaintiff claims his bond violated the Fourth and Fourteenth Amendments. Plaintiff also claims that various defendants conspired to stop the refinancing of his home and conspired to delay the closing of the refinancing ensuring that Plaintiff would be late for a court appearance resulting in the revocation of his bond. Count I also alleges that his parole and parole rescission hearings and the filing of fraudulent investigative holds placed on his parole hearings violated the Fourth and Fourteenth Amendments. Plaintiff further alleges he was not allowed to present any evidence of fraud and deceit during his parole hearings. Plaintiff claims that he was informed on May 15, 2008 that he had to pay the cost of counsel in the underlying criminal proceeding and that this violated his right to due process.

Count II alleges violations under the Sixth Amendment. Plaintiff claims he was denied

counsel during the placing of the investigative hold on his parole and during the actual parole hearings. Plaintiff claims that if he was represented by counsel, his parole would not have been rescinded.

Count II alleges that his $1,000,000 bond was clearly excessive for the charges against him. Plaintiff claims that his sentence, which included a sentence for fourth degree habitual offender, violated his Eighth Amendment right to be free from cruel and unusual punishment. He also alleges that the investigative hold on his parole violated the Eighth Amendment.

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001). To recover monetary damages for an allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove that the conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A § 1983 suit in which a plaintiff seeks damages in connection with proceedings leading to his allegedly wrongful state court conviction is not cognizable where the plaintiff's conviction has never been reversed or otherwise invalidated. *See Patrick v. Laskaris*, 25 F. Supp. 2d 432, 433 (S.D.N.Y. 1998). Because Plaintiff does not allege that his conviction has been overturned, expunged, or called into question by a writ of habeas corpus, his allegations relating to his criminal prosecution, conviction, and incarceration against the defendants fail to state a claim for which relief may be granted and must,

therefore, be dismissed. *See Adams v. Morris,* 90 Fed. Appx. 856, 858 (6th Cir. 2004); *Dekoven v. Bell,* 140 F. Supp. 2d 748, 756 (E.D. Mich. 2001).

To the extent that Plaintiff is seeking to have his criminal convictions vacated or set aside in this civil rights action, the civil rights complaint is subject to dismissal. Where a state prisoner is challenging the very fact or duration of his or her physical imprisonment and the relief that he or she seeks is a determination that he or she is entitled to immediate release or a speedier release from that imprisonment, his or her sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Section 1983 cannot serve as a basis to challenge the fact of a plaintiff's criminal conviction; the proper instrument for bringing such a challenge would be either on direct appeal, a state post-conviction relief motion, or a petition for a federal writ of habeas corpus. *See Messa v. Rubin*, 897 F. Supp. 883, 885 (E.D. Pa. 1995); *See also Bey v. Gulley,* 2002 WL 1009488, * 2 (E.D. Mich. May 6, 2002). An action which is properly one for habeas relief does not state a cognizable claim under § 1983. *See Benson v. New Jersey State Parole Bd.,* 947 F. Supp. 827, 831 (D.N.J. 1996). When the effect of granting equitable relief under the civil rights statute would be to substitute § 1983 for a petition for writ of habeas corpus to attack a state court conviction, a prisoner fails to state a claim under § 1983. *Palmer v. Nebraska Supreme Court,* 927 F. Supp. 370, 371 (D. Neb. 1996)(*quoting Eutzy v. Tesar,* 880 F. 2d 1010, 1011 (8th Cir. 1989)). A plaintiff therefore cannot seek declaratory or injunctive relief relating to his conviction in a § 1983 action. *Nelson v. Campbell,* 124 S. Ct. 2117, 2122 (2004); *St. Germain v. Isenhower,* 98 F. Supp. 2d 1366, 1373 (S.D. Fla. 2000).

The holding in *Heck* "applies to proceedings that call into question the fact or duration of parole or probation." *Noel v. Grzesiak*. 96 Fed. Appx. 353, 354 (6th Cir. 2004)(*quoting Crow v.*

*Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996)). Because plaintiff does not allege that his parole revocation has been overturned, expunged, or called into question by a writ of habeas corpus, his allegations relating to his parole revocation and subsequent incarceration against the defendants fail to state a claim for which relief may be granted and must, therefore, be dismissed. *See, e.g., Norwood v. Michigan Department of Corrections,* 67 Fed. Appx. 286, 287 (6th Cir. 2003). *Heck* clearly directs a federal district court to dismiss a civil rights complaint which raises claims that attack the validity of a conviction; it does not direct a court to construe the civil rights complaint as a habeas petition. *See Murphy v. Martin,* 343 F. Supp. 2d 603, 610 (E.D. Mich. 2004).

When a prisoner's civil rights claim is barred by the *Heck v. Humphrey* doctrine, the appropriate course for a federal district court is to dismiss the claim for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3), rather than to dismiss the complaint with prejudice as being frivolous, because the former course of action is not an adjudication on the merits and would allow the prisoner to reassert his claims if his conviction or sentence is latter invalidated. *See Murphy,* 343 F. Supp. 2d at 609. Because this Court is dismissing plaintiff's § 1983 complaint under *Heck*, the dismissal will be without prejudice. *Diehl v. Nelson*, 198 F. 3d 244, 1999 WL 1045076 (6th Cir. November 12, 1999)(citing to *Fottler v. United States*, 73 F. 3d 1064, 1065 (10th Cir. 1996)).

Accordingly, for the reasons set forth above,

IT IS ORDERED that the Application to Proceed *In Forma Pauperis* **(Doc. No. 2)** is GRANTED.

5

IT IS FURTHER ORDERED that this action is **DISMISSED WITHOUT PREJUDICE.**

                                    S/Denise Page Hood
                                    Denise Page Hood
                                    United States District Judge

Dated: October 9, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record and

**Edward Christopher Galka**
17348 Kingsbrooke Circle #101
Clinton Township, MI 48038

on October 9, 2008, by electronic and/or ordinary mail.

                                    S/Lisa Ware for William F. Lewis
                                    Case Manager